BEVERLY A. DYER, Appellant, v. ST. LOUIS TRUST COMPANY, Respondent.

St. Louis Court of Appeals, December 9, 1902.

1. **Certificate of Title: DEFECTS: LIABILITY OF TITLE COM-PANY: LIS PENDENS: INSTRUCTIONS: ERROR: PRACTICE, TRIAL.** On an application to plaintiff to make a mortgage loan he applied to defendant for a certificate of title, which defendant furnished. It omitted a notice of *lis pendens* in an action in which the borrower's title was afterwards defeated. Plaintiff made the loan, and alleged that he loaned $160, and that all but $35 was paid when the trust deed was foreclosed. The answer denied that any money was loaned. At the trial plaintiff produced the borrower's notes amounting to $160 and testified that he loaned her the full amount. Her husband testified that he negotiated the loan and that only $125 was actually loaned. The court declared the law to be that if, before advertisement was begun of the sale under the deed of trust, all the money loaned had been repaid, the verdict must be in favor of defendant. *Held*, that, though the instruction was faulty in omitting plaintiff's right to interest, as he had alleged in his petition that all but $35 had been paid, and, if so, he had received more than $125 and interest, he was not prejudiced by such error.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

AFFIRMED.

*Carter & Sager* for appellant.

(1) The damage complained of and sought to be recovered is not what appellant lost by reason of the borrower's failure to pay all the notes, but what he lost by the purchase at the sale under the deed of trust, when he bid in the lands for $230.12, to which was added costs, taxes, etc., aggregating an approximate of the amount prayed for in the petition.     (2) The first declaration of law covered the only question in the case,

to-wit, appellant's knowledge and good faith.  There is nothing to show what the court's finding of fact was, and it must be presumed that the finding was in favor of appellant on the question of knowledge and good faith, otherwise the second declaration would not have been given.   (3)   The giving of an erroneous instruction is ground for reversal, unless there is a finding of facts showing that the court's ruling was not predicated upon such instruction and the facts applicable thereto. State ex rel. v. Finn, 11 Mo. App. 546.

*Stewart, Cunningham & Eliot* for respondent.

(1)   Appellant contends that instruction 2 is erroneous, in that it debars him from recovering in this action what he would have made by purchase at a trustee's sale, which he procured to be made to pay a note which was without consideration, and all of which, if it represented anything, represented usurious, unlawful interest over and above eight per cent on the $125 he had loaned Annie Lee Fling, which $125 and maximum lawful interest had all been repaid plaintiff before he caused the land to be advertised for sale.   In support of this contention appellant says in his brief: "The damage complained of and sought to be recovered is not what appellant lost by reason of the borrower's failure to pay all the notes, but what he lost by the purchase at the sale under the deed of trust when he bid in the lands for $230.12, to which was added costs, taxes," etc.   (2)   This contention of appellant can not be maintained, for if plaintiff had been deceived or misled by defendant's certificate to plaintiff's damage, the measure of that damage would have been simply what plaintiff actually lost of his original outlay of loan, and not what he might or would have profited by a long-subsequent purchase of or speculation in the collateral security he took for his loan.   Roberts v. Sterling, 4 Mo. App. 593; Clark v. Marshall, 34 Mo. 429.

BLAND, P. J.—Carrie Lee Fling (formerly Carrie Lee Long) made application to plaintiff for a loan of $160, and to secure the same tendered a deed of trust on property described in the certificate of title set out below. Plaintiff then applied to defendant for a certificate showing the condition of the title to the lots. After making an examination of the deed records in the recorder's office in the city of St. Louis, defendant made out and delivered to plaintiff the following certificate:

"No. 6403.

St. Louis, Mo., July 19, 1895, 8 a. m.

"B. A. Dyer, Esq.

"Sir: The St. Louis Trust Company hereby certifies that according to the records contained in the several offices wherein conveyances of, or incumbrances on, or liens against real estate situated in the city of St. Louis, Missouri, may be filed or recorded, the title to the lots ten and eleven in the subdivision of the N. E. 1-4 of Block No. 93 of the De Ward Survey of the City Commons, and in City Block No. 2750 of the said city of St. Louis.

"Said lots having an aggregate front of 56 feet 3 3-4 inches on the western line of Broadway by a depth westwardly to the eastern line of Oregon avenue, on which they front 53 feet, as shown on the foregoing plat, is fully vested in fee simple in Carrie Lee Long, subject to the hereinafter mentioned defects, and is unincumbered except as follows:

"General Taxes of 1894—Delinquent $14.87 and interest.

"General Taxes of 1895—Not yet payable.

"General Taxes of 1896—Not levied, but a lien.

"Special Taxes, none found on record of the city comptroller's office, except the following:

"Street Sprinkling 1894—Delinquent, $1.58 and interest.

"Street Sprinkling 1895—Not yet payable.

"Assessments for street and alley openings. None found of record in the city comptroller's office.

"Deed of trust recorded in book 976, page 16, and

book 966, page 273, were released by deed of release recorded in book 1000, page 232.

"Judgments—None.

"Attachments—None.

"Mechanic's Liens—None.

"The certificate of acknowledgment to the deed from Nancy Wait and husband to Carrie Lee Long, recorded in book 1171, page 473, is defective.

"By deed recorded in book 1227, page 554, the sheriff of the city of St. Louis conveys to Conrad Fink et al. 'all the right, title and interest of James Edwin Long' in the above described property.

"In witness whereof, The St. Louis Trust Company has caused this certificate to be signed by its president; attested by its secretary, and its corporate seal to be hereunto affixed, the day and year first above written. Void unless attached to our examination. No. 6403, Lots 10 and 11, City Block No. 2750.

"ST. LOUIS TRUST COMPANY,
"By THOS. H. WEST, President."

For which service plaintiff paid defendant $10.

Plaintiff then took from Mrs. Fling her six promissory notes as follows: One note for $25 due in thirty days; one note for $25 due in sixty days; one note for $25 due in ninety days; one note for $25 due in one hundred and twenty days; one note for $25 due in one hundred and fifty days; one note for $35 due in one hundred and eighty days; all bearing interest at the rate of eight per cent per annum from maturity, and testified that he loaned her the $160. He had the deed of trust recorded and afterwards re-recorded on account of a change of trustee in the deed. He testified that all the notes were paid except the last one for $35; that on account of the non-payment of this one he caused the land to be advertised under the deed of trust and sold by the trustee. At the sale he became the purchaser for $230.12, which sum he disbursed by paying the costs of the foreclosure sale, taxes, the balance due on his debt, and $25.89 to Mrs. Fling.

It is admitted by the pleadings that at the time plaintiff made the loan there was pending in the St. Louis Circuit Court a suit in equity brought by William C. Fink et al., against Carrie Lee Long and James E. Long, her husband, the object of which was to divest the title in and to the lots out of Carrie Lee Long and to invest plaintiffs therewith; and that a statutory notice of the pendency of the suit, of its purpose and nature, was duly filed and recorded in the office of the recorder; that before the termination of the suit Carrie Lee Long was divorced from her husband and then married her present husband, Willis W. Fling, who was made a party to the suit; that the suit resulted in a decree divesting Carrie Lee Fling and her husband, Willis W. Fling, of all title in said lots and investing the plaintiffs with the title thereto.

It is alleged in the answer, but denied by the reply, that plaintiff Dyer had actual knowledge of the pendency and nature and object of the suit when he made the loan to Mrs. Fling. It is admitted by the pleadings that after plaintiff received the trustee's deed to the lots, a suit was brought by William Fink et al. (same plaintiffs as in suit against Fling and wife) against plaintiff Dyer, the trustee in his deed of trust, and the St. Louis Trust Company, in the St. Louis Circuit Court, to set aside the deed of trust and the trustee's deed thereunder to Dyer, which resulted in a decree in favor of the plaintiffs.

2. It is denied by the answer that plaintiff loaned any money to Carrie Lee Fling.

The issues were submitted to the court without a jury. But two facts were in dispute, first, as to the actual amount of money loaned by plaintiff to Mrs. Fling and, second, whether or not plaintiff had actual knowledge of the pendency of the suit in equity, by William Fink et al. and Carrie Lee Long and her husband, involving the title to the lots, when he made the loan and took the deed of trust.

Plaintiff introduced the notes of Mrs. Fling and testified that he loaned the entire sum of $160 to her.

Willis Fling testified that he negotiated the loan; that all the money loaned by plaintiff was paid to him and that the sum of $125 only was actually loaned.

Plaintiff also testified that he had no knowledge whatever of the pendency of the suit of William Fink et al. against Carrie Lee Fling and her husband when he made the loan, and that he relied entirely on the certificate of title furnished him by the defendant.

Willis Fling also testified that pending negotiations for the loan the litigation concerning the title to the land was discussed by plaintiff and his attorney, the late John Kerr, in his (Fling's) presence.

At defendant's request the court declared the law as follows:

"1.    If the court sitting as a jury believe from the evidence that the plaintiff, at or before the time he loaned money to Carrie Lee Fling, had actual notice or knowledge of the pendency of the suit of Fink and others against Carrie Lee Long and others, and of the filing in the recorder's office of the notice of that suit here offered in evidence, then your verdict should be in favor of the defendant.

"2.    If the court sitting as jury believe from the evidence that before advertisement was begun of the sale under the deed of trust of Carrie Lee Fling and Willis W. Fling, dated August 24, 1895, all the money actually loaned by the plaintiff to said Carrie Lee Fling had been actually repaid to the plaintiff, then your verdict must be in favor of the defendant."

Plaintiff did not ask for instructions and concedes that No. 1, given for defendant, is correct but contends that No. 2 is erroneous because, conceding that plaintiff loaned Mrs. Fling but $125, the instruction authorized a finding for defendant if plaintiff received back this exact amount and no more, and thus denied him the right to the agreed interest of eight per cent per annum. The instruction is faulty in omitting the item of interest, but we do not see how plaintiff was prejudiced thereby for he alleged in his petition that all the notes, except the last one for $35, was paid to him by Mrs. Fling; if

so then he had been paid more than $125 and all interest that had accrued thereon at the agreed rate per cent before the foreclosure sale, and the note for $35 remaining unpaid would not represent any damage he had sustained.

The judgment is affirmed. *Barclay* and *Goode, JJ.,* concur.